UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ERASMO BELTRAN AMAYA
A-213-613-325,

          Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX ICE DETENTION FACILITY, et
al.,

          Respondents.

No.  1:26-cv-0498-DJC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Jose Erasmo Beltran Amaya is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The first amended petition, respondents' opposition and motion to dismiss, petitioner's supplement to the petition, and petitioner's reply are before the court. (ECF Nos. 11, 14, 15, 16.) This matter was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's order dated January 23, 2026. As set forth below, the undersigned finds petitioner's assertions of prolonged detention without an opportunity for a bond hearing are contradicted by the record and recommends the first amended habeas petition be denied.

**I.     Background**

Petitioner is a noncitizen who fled El Salvador and entered the United States on or about May 2023. (See ECF No. 14 at 2; ECF No. 15 at 2.) He entered the United States without

1

inspection by an immigration officer. (ECF No. 14 at 3.) Petitioner has filed an I-589 asylum petition and fears violence and persecution by the Salvadoran government if returned to El Salvador. (ECF No. 11 at 3; ECF No. 15 at 2.) Petitioner has no criminal history in the United States but is the subject of multiple warrants in El Salvador for offenses including aggravated homicide and disappearance of persons, which he alleges result from persecution and false accusations by the Salvadoran government. (See ECF No. 14 at 19; ECF No. 15 at 2.) Since arriving in the United States, petitioner has maintained stable employment with a cookie factory for three years. (ECF No. 15 at 2.)

Petitioner was detained by ICE on or about April 8, 2025, pending removal proceedings. (ECF No. 11 at 2.) He is currently held at the Golden State Annex Detention Facility. (Id. at 3.)

Proceeding without counsel, petitioner filed this case on January 21, 2026. (ECF No. 1.) The court granted leave to proceed in forma pauperis and appointed counsel. (ECF No. 6.) Appointed counsel filed the first amended petition on February 11, 2026. (ECF No. 11.) Petitioner proceeds on two claims asserted as follows: (1) continued detention is unauthorized by the Immigration and Nationality Act (INA) and violates the Fifth Amendment; (2) categorical denial of custody review violates due process. (Id. at 4-5.) Petitioner seeks immediate release under appropriate conditions of supervision or an individualized custody hearing before a neutral decisionmaker at which the government bears the burden of justifying continued detention. (Id. at 5.)

Respondents assert petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b). (ECF No. 14 at 2-10.) They assert his detention is not unconstitutionally prolonged because it has been reviewed multiple times and because petitioner withdrew his request for bond. (Id. at 11-15.)

In reply, petitioner argues 8 U.S.C. 1226(a) governs his detention. (ECF No. 16 at 2-3.) Petitioner argues his prolonged detention without a bond hearing violates due process where he has been detained for 11 months without any foreseeability of removal, and without existence of any meaningful removal efforts. (Id. at 4.) In the reply brief, petitioner requests relief in the form of a bond hearing. (Id.)

////

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006) ("[In] cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds.").

## III.    Discussion

### A.  Claim under the INA

Petitioner has lived in the United States for approximately 3 years and was detained by ICE on or about April 8, 2025. The undersigned agrees with the numerous district courts that have held 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district courts have recently so held); Singh v. Andrews, No. 1:25-CV-01543-DCJ-SCR, 2025 WL 3248059, at *4 (E.D. Cal. Nov. 19, 2025) ("As Petitioner has been present in the United States since March 2023, he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."). Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). See Singh, 2025 WL 3248059, at *4; Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to

detention under § 1225(b)(2)).

Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an Immigration Judge (IJ). 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

On April 8, 2025, petitioner was issued a Notice to Appear initiating removal proceedings. (ECF No. 14 at 62.) On April 22, 2025, petitioner was given notice of an initial custody redetermination hearing set to take place on April 24, 2025. (ECF No. 14 at 66.) On April 25, 2025, an IJ denied petitioner's request for bond after finding that regardless of authority and jurisdiction for custody redetermination, bond may be denied based on a finding of danger relying on the warrants in El Salvador for aggravated homicide and disappearance of persons. (ECF No. 14 at 71-73; ECF No. 14-1, ¶¶ 9-10.) The IJ also found the record supported a finding of flight risk. (ECF No. 14 at 73.) The burden at this hearing was placed on petitioner. (Id. at 72.) Petitioner reserved appeal. (Id. at 74.) According to the declaration of a Department of Homeland Security Deportation Officer (DO), petitioner did not perfect the appeal. (ECF No. 14-1, ¶ 10.)

According to the DO's declaration, on July 24, 2025, the petitioner admitted the allegations and charge in the Notice to Appear. (ECF No. 14-1, ¶ 11.) Based on those admissions the IJ sustained the charges and designated El Salvador as the country of removal. (Id.)

On September 23, 2025, petitioner was provided notice of a custody redetermination hearing under "Rodriguez v. Robbins" to take place on October 7, 2025. (ECF No. 14 at 84-85.) See Rodriguez v. Robbins, 804 F.3d 1060, 1070 (9th Cir. 2015), rev'd sub nom. Jennings v.

Rodriguez, 583 U.S. 281 (2018). The notice informed petitioner "[a]t your custody redetermination hearing, the government must prove by clear and convincing evidence that you are a flight risk or danger to the community to keep you detained. …. The Immigration Judge will consider alternatives to detention, such as supervise release and electronic monitoring, in determining whether you can be released." (Id. at 85.) The notice also informed petitioner of his right to present evidence and right to appear with counsel or a representative. (Id.)

The IJ issued a Bond Decision and Memorandum on October 7, 2025. (ECF No. 14 at 87-100.) The Bond Decision and Memorandum states petitioner withdrew the bond request without prejudice "because the applicant was not ready to proceed." (Id. at 98.) The Decision and Memorandum states "The applicant may re-request when ready." (Id.)

Petitioner does not dispute that on October 7, 2025, he was provided the opportunity for a bond hearing at which the government would have to prove by clear and convincing evidence he was a flight risk or danger to the community and at which the IJ would consider alternatives to detention, such as supervise release and electronic monitoring. Petitioner does not dispute that he withdrew his request for bond. He makes no challenge to the hearing's procedures, does not assert any legal errors, and does not assert inability to re-request a bond hearing or any insufficiency of the procedure for such a hearing if re-requested. His allegations that he has been detained without being afforded any opportunity for individualized custody hearing are contradicted by the record. Petitioner is not presently detained in violation of the INA.

### B. Due Process

Similarly, the undersigned finds no violation of due process. Petitioner does not assert there is no significant likelihood of removal in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). The record reflects that on December 11, 2025, a hearing on petitioner's requested relief from removal was set for April 2, 2026. (ECF No. 14 at 102; ECF No. 14-1, ¶ 14.)

Petitioner does not allege he was ever previously paroled or released under 28 U.S.C. § 1226(a), and the record contains no such indication. Petitioner's detention pending removal proceedings and the processes he was afforded consistent with § 1226(a) do not present the type

of scenario where many district courts recognize a strong due process liberty interest in continued release in the absence of a pre-detention process. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Assuming, *arguendo*, petitioner has a liberty interest in freedom from prolonged detention, the undersigned finds his detention is not unconstitutionally prolonged in violation of due process under the circumstances. Courts examine procedural due process claims in two steps. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

To determine what process, if any, is due, courts apply the traditional balancing test of Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz, 53 F.4th at 1206-07 (assuming but not deciding the Mathews test applies in the context of prolonged detention under § 1226(a)). The Mathews test considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

Although petitioner has been detained for approximately one year and has a strong private interest in freedom from prolonged detention, his private interests are diminished such that the undersigned finds the first factor is neutral and the second and third factors tilt toward the government because petitioner was afforded the opportunity for individualized custody review during his removal proceedings, but withdrew the request for bond, and does not allege and has not shown he is without meaningful procedural safeguards for prolonged detention. See generally Rodriguez Diaz, 53 F.4th at 1208 (finding non-citizen's private interest in freedom from prolonged detention "diminished" and finding strong interests of the government where the non-citizen was in removal proceedings, subject to a non-final order of removal, had received a bond

6

hearing during his fourteen month prolonged detention, and a further bonding hearing was available to him upon a showing of materially changed circumstances).

Petitioner's assertions of prolonged detention without an opportunity for the bond hearing he seeks through this proceeding are contradicted by the record. Petitioner has not shown his present detention is unlawful on statutory or constitutional grounds.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The first amended petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 11) be denied and respondent's motion to dismiss (ECF No. 14) be denied as moot.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 belt0498.mer